UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.   CASE NO. 3:17-CR-149-DPJ-ASH

STEVEN DAVISON

ORDER

Federal inmate Steven Davison asks for his sentence to be modified under 18 U.S.C. § 3582(c)(1)(A), arguing for compassionate release because of his poor mental health and allegedly inadequate mental-health treatment during his sentence. Mot. [411]. The Government opposes release. Gov't Resp. [419]. Davison does not meet the conditions for compassionate release, and the Court will deny his motion.

I.    Facts and Procedural History

In March 2019, the Court sentenced Davison to serve 100 months after he pleaded guilty to possession of 50 to 100 kilograms of marijuana with the intent to distribute. Plea Agr. [72]; J. [140]. According to his brief, he expects to be released in September 2025. Def.'s Mem. [413] at 2.

Davison says he was diagnosed with bipolar-type schizoaffective disorder before his incarceration and has struggled with substance abuse. *Id*. at 3–4. In prison, he says, he has not been prescribed the same range of medications that were helpful to him before; he "suffered a traumatic setback with his mental health" upon the death of his young daughter; and he has not had enough visits with psychiatric providers. *Id*. at 4–6. He believes he would obtain better care if he were released and could live in Texas with his longtime friend, where there are "more readily available" resources for his problems with his mental health and substance abuse. *Id*. at

7–8. Davison and the Government both have filed under seal various medical records which this Court has reviewed.

II.     Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) provides an exception to that rule and permits a court to order a modification based on "extraordinary and compelling reasons [that] warrant such a reduction." To obtain such relief, an inmate must first exhaust his administrative remedies by asking the Bureau of Prisons to bring a § 3582(c) motion on his behalf. *Id.* § 3582(c)(1)(A). Then he "must show 'extraordinary reasons'; . . . must show that compassionate release is consistent with applicable policy statements from the Commission; and . . . must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors." *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

The United States Sentencing Guidelines explain what kinds of reasons may count as "extraordinary and compelling." U.S.S.G. § 1B1.13. For inmates pleading medical circumstances, extraordinary and compelling reasons may include "a serious physical or medical condition [or] a serious functional or cognitive impairment . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(B–C).[1]

---

[1] As the Government correctly observes, *Shkambi* held the policy at § 1B1.13 inapplicable to motions filed by inmates, 993 F.3d at 393, but that was before the 2023 Guidelines amendment that appears to resolve the concern expressed in *Shkambi*. Gov't Resp. [419] at 3 n.1.

2

Other reasons not listed in § 1B1.13(b) may merit relief if "when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), [they] are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5). The Fifth Circuit recognizes a circuit split on whether this catch-all provision applies to courts or only the Bureau of Prisons. *United States v. Thompson*, 984 F.3d 431, 433 n.4 (5th Cir. 2021). But it has "opt[ed] not to weigh in on [that] split." *Id.*

III.   Discussion

First, exhaustion is not disputed by the Government. So even were there some impediment to Davison's claim that he exhausted his remedies by requesting relief from the warden of his facility, the issue would be waived. *United States v. Garrett*, 15 F.4th 335, 340 n.7 (5th Cir. 2021). *See* Def.'s Mot. Ex. J [411] (letter to warden asking for release).

That takes us to whether Davison advances "extraordinary and compelling reasons." The Government challenges several of Davison's assertions, pointing out for instance that Davison's records indicate occasions when he told medical staff he was doing all right and that his medication was helping. Gov't Resp. [419] at 8–11. Factual disputes, however, are not relevant to the Court's decision here. Even taking his allegations as true, Davison fails to make the necessary showing.

As he sums up in his reply, Davison believes that "taken as a whole, the lack of adequate care, the unduly punitive effects of COVID-19, and the clear disparity between the resources available to help [him] if released, in contrast to what he has been able to access while incarcerated, are sufficient for this Court to find extraordinary and compelling circumstances." Def.'s Reply [429] at 8. The first and third reasons here amount to the same issue, alleging that Davison would receive the adequate or desirable care outside prison that he is not receiving in

prison. The Government suggests his complaints are not borne out by the record and cites cases denying release where the inmate appears sufficiently cared for. Gov't Resp. [419] at 8–12.

The Government submits, and the Court agrees, that Davison's medical records do not support a finding of terminal illness or a condition that impairs his ability to take care of himself. Gov't Resp. [419] at 5–6; *see* U.S.S.G. § 1B1.13(b)(1)(A–B). Indeed, Davison argues that he has maintained several jobs while incarcerated. Def.'s Mem. [413] at 7. Nor does Davison specifically argue that he fits the category of "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id*. § 1B1.13(b)(1)(C). The Court finds that category likewise unsupported by the medical records. The Court finds as well that Davison's reasons do not possess the same gravity as those illustrated in the Sentencing Commission's policy guidance's non-medical examples. *Id*. § 1B1.13(b)(2–4).[2]

As for the effect of COVID-19 measures on Davison's mental health, he says he "has suffered through numerous lockdowns, limiting his ability to contact others and to access the available programming," feeling at times "like he's losing it." Def.'s Mem. [413] at 15. It is unclear from Davison's briefing whether these conditions persist today. In any event, such hardships are real but not a basis for compassionate release: "the conditions of confinement in

---

[2] Some district courts have held that claims of a lack of adequate medical care are not correctly brought under § 3582(c)(2) but should be raised in a habeas action or some other proceeding. *United States v. Bow*, No. 1:20-CR-97-2, 2024 WL 247275, at *3 (S.D. Ind. Jan. 22, 2024); *United States v. Smith*, No. 2:18-CR-1406, 2023 WL 3589840, at *9 (E.D. Tenn. May 22, 2023) (denying compassionate release), *aff'd*, No. 23-5519, 2024 WL 1007115 (6th Cir. Mar. 8, 2024); *United States v. Moore*, No. 1:09-CR-00014-01, 2021 WL 4944444, at *1 n.2 (W.D. La. Oct. 22, 2021); *United States v. Sierra*, No. CR 17-00249, 2021 WL 2636738, at *3 (W.D. La. June 25, 2021). *Cf. United States v. Lawrence*, No. 21-60865, 2022 WL 17176480, at *1 (5th Cir. Nov. 23, 2022) (unpub. op.) (dismissing Eighth Amendment claim of failure to provide medical care as "not properly part of this compassionate release appeal").

jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020). Davison has not persuaded the Court that his poor mental health makes him an exception to that rule for purposes of compassionate release under the "extraordinary and compelling" standard. Nor does the Court find that his available health care and the stresses of COVID-19 together are enough to justify relief.

Though not enough, Davison's arguments for finding extraordinary and compelling reasons for relief are not frivolous. But even assuming Davison could make the proper showing, the Court is still required to consider § 3553(a). *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022) (holding that failure of proof on extraordinary reasons negates need to consider § 3553(a) factors and vice-versa).

The Court examined those factors during the sentencing hearing and incorporates its findings by reference. To begin, Davison tries to downplay the seriousness of the crime by saying that it was nonviolent and that society has changed its views on marijuana offenses. But Davison was not convicted for mere marijuana possession. He conspired to distribute 105.69 kilograms of marijuana *in a single delivery*. PSR [132] at 21. Time served would not reflect the seriousness of the offense, nor would it provide deterrence or promote respect for the law. He also minimizes his role, noting that he was not a leader. That's true; he was an average participant as reflected in his bottom-of-the-Guidelines sentence.

Perhaps the most serious issue under the § 3553(a) factors is that this was not Davison's first—nor last—crime. His criminal-history category before this conviction was already VI—the highest possible category under the Guidelines. Davison's 18 prior convictions include nine

drug-related offenses, resisting arrest, theft (twice), evading detention, assault with bodily injury to a detention officer, promotion of prostitution, attempted possession of a firearm by a convicted felon, criminal trespass, DUI, and other lesser crimes. He also has a history of violating supervision and perjured himself after entering a guilty plea in this case.

Despite all that, Davison says he "does not pose a risk to the safety of the community." Def.'s Mem. [413] at 28. His motion bases that statement largely on the nonviolent nature of *most* of his crimes and on his attorneys' assurance that he has accepted responsibility, is rehabilitated, and has a plan when released. But Davison has not said that himself—it is merely argued—and his record indicates that he would be a risk to the safety of the community.

Even if he met the community-safety requirement under § 1B1.13(a)(1)(B)(2), the question under § 3553(a) is whether there exists a need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). There hasn't been a year since 2003 when Davison was not either incarcerated or convicted of a crime. In five of those years, he had multiple convictions. Davison hopes to mitigate that by noting that half of those convictions were drug crimes and he had not taken illegal drugs during the roughly two-year period between 2016 and his arrest in 2018. Def.'s Mem. [413] at 4. But Davison was arrested in June 2016 for possession of cocaine, so he was incarcerated for most of those two years. PSR [132] ¶ 111. He also notes that the offense occurred in 2013, and he was not arrested until 2018. Def.'s Mem. [413] at 2. Yes, but he had six other convictions during that period. PSR [132] ¶¶ 107–12. Even while incarcerated, Davison has incurred disciplinary infractions.

While the Court is genuinely sympathetic to Davison's harsh upbringing and mental-health issues and to the death of his daughter, it must also weigh the other factors including his history and characteristics and the serious need to protect the public from further crimes. The

6

Court hopes Davison will do well and follow the plan his attorneys laid out upon his scheduled release, but this will not be the first time Davison will have been released—it will be the twentieth.  He simply has not shown that he can avoid criminal conduct for any sustained period and has not demonstrated that he is entitled to relief under § 3582(c).

IV.     Conclusion

The Court has considered all arguments.  Any not specifically addressed would not have changed the outcome.  Davison's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 [411] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE